IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v.                                          ) | Criminal No. 15-87 |
| ) | Judge Nora Barry Fischer |
| HAKEEM DUELL,                        ) | |
| ) | |
| Defendant.           ) | |

**MEMORANDUM ORDER**

**I. INTRODUCTION**

Presently before the Court are Defendant Hakeem Duell's pro se Motion for Compassionate Release, (Docket No. 3275), and the Government's Response in opposition (Docket No. 3282). Defendant's motion is further supported by medical records filed under seal. (Docket No. 3289). Defendant seeks to reduce the 100-month sentence imposed by this Court to time served based on his medical condition as well as the risk posed by COVID-19 spreading within the correctional institution at which he resides. (Docket No. 3275). The Government counters that compassionate release is not warranted because: (1) Defendant has not exhausted his administrative remedies; (2) Defendant has not shown an "extraordinary and compelling" reason for relief; and, (3) the 18 U.S.C. § 3553(a) factors otherwise do not justify a reduction in his sentence. (Docket No. 3282). After careful consideration of the parties' positions and for the following reasons, Defendant's Motion [3275] is denied.

**II. BACKGROUND**

On February 2, 2016, a grand jury returned a superseding indictment charging Defendant with four counts for his involvement in an extensive drug trafficking conspiracy. (Docket No. 1020). He pled guilty on April 19, 2017 to one count of felon-in-possession of a firearm, in

1

violation of 18 U.S.C. § 922(g)(1), and one count for possession with intent to distribute heroin, in violation of 28 U.S.C. § 841(a)(1) and 841(b)(1)(C). (Docket No. 2246; Docket No. 1020 at 25-26, 50). On August 31, 2017, a sentencing hearing was held at which the Court carefully examined the 18 U.S.C. § 3553(a) factors and imposed a sentence of 100 months' imprisonment to be followed by a term of supervise release. (Docket No. 2619). On May 4, 2020, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the Court denied on March 8, 2021. (Docket No. 3127; Docket No. 3237).

On July 7, 2021, Defendant filed the instant motion for compassionate release. (Docket No. 3275). The Government responded in opposition on August 24, 2021. (Docket No. 3282). The Court established a deadline of September 19, 2021 for Defendant to file a Reply, but he has not done so as of the date of this Memorandum Order. As such, the Court considers Defendant's motion to be fully briefed and ripe for disposition.

### III. DISCUSSION

The Court initially turns to the prevailing legal standard. "[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed." (internal quotation marks omitted) (quoting 18 U.S.C. § 3582(c))). One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582. *See United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020). To obtain relief under § 3582, a defendant must request that "the Director of the Bureau of Prisons," seek a reduction of the defendant's sentence before the court that sentenced him. § 3582(c)(1)(A). Or, if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," the defendant may file a motion before the sentencing court on his own behalf. § 3582(c)(1)(A). Assuming a defendant's motion is properly before the sentencing court, "a prisoner's motion may be granted if the court finds that the sentence reduction is (1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a)," to the extent they are applicable. *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021).[1]

At the outset, the Court notes that Defendant has admitted that he has not filed a motion with the BOP seeking a reduced sentence. (Docket No. 3275 at 5-6). He argues that the Court should nonetheless waive his failure to bring a motion to the BOP and points to several decisions outside of the Third Circuit for support. This Court has already rejected the waiver argument raised by Defendant in another compassionate-release case. *See United States v. Solomon*, Nos. 05-350 & 05-385, 2020 WL 2768897, at *4 (W.D. Pa. May 28, 2020). As Judge Conti aptly explained, "it is well settled that a court may not ignore a statutory command, such as the one imposed in Section 3582(c)(1)(A)." *United States v. Davila*, No. 13-252, 2020 WL 2839860, at *1 (W.D. Pa. June 1, 2020) (internal quotation marks omitted) (quoting *United States v. Epstein*, No. 14-287, 2020 WL 1808616, at *3 (D.N.J. Apr. 9, 2020)); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Accordingly, the Court will deny Defendant's motion because he failed to submit a request to the BOP before seeking relief in this Court as prescribed in § 3582(c).

---

[1] As the Third Circuit in *Andrews* explained, no "applicable policy statements issued by the Sentencing Commission" presently bind the Court because the Sentencing Commission has not updated its policy statements to address prisoner-initiated compassionate release motions. 12 F.4th at 259 n.4. Still, the policy statements remain persuasive authority for the Court as it determines what constitutes an "extraordinary and compelling" reason for a sentence reduction. *Id.* at 259-60.

In the alternative, the Court finds that Defendant has not demonstrated that "extraordinary and compelling" reasons warrant a reduction in his sentence. The Third Circuit recently provided guidance in how to interpret the rather "amorphous" phrase "extraordinary and compelling." *Andrews*, 12 F.4th at 260. It approved of district courts consulting "the text, dictionary definitions, and the policy statement" provided by the United States Sentencing Commission to interpret what constitutes an "extraordinary and compelling" reason for a reduction in a sentence. *Id.* As relevant here, the Sentencing Commission has declared that a defendant who "suffer[s] from a serious physical or medical condition" could have an extraordinary and compelling reason for a reduction in sentence. U.S.S.G. § 1B1.13 app. 1(A)(ii). The only medical condition raised by Defendant is an alleged diagnosis of Sickle Cell Disease which, he contends, places him at risk of severe illness or death if he contracts COVID-19. (Docket No. 3275 at 10). The Government disputes whether Defendant actually suffers from Sickle Cell Disease based on a review of Defendant's medical records. (Docket No. 3282 at 6).

Even assuming the Defendant does indeed suffer from Sickle Cell Disease, in the Court's view, Defendant has not demonstrated an "extraordinary and compelling" ground for a sentence reduction for several reasons. The Third Circuit Court of Appeals has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." Raia, 954 F.3d at 597. In light of this holding, the question this Court must address is whether the presence of COVID-19 and some other condition exacerbating the effects of a COVID-19 diagnosis could qualify as an "extraordinary and compelling" reason to reduce a defendant's sentence. The Centers for Disease Control and Prevention ("CDC") presently takes the position that having Sickle Cell Disease "can

make [someone] more likely to get severely ill from COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed 10/14/2021). At the same time, Defendant's medical records reveal that he contracted an asymptomatic case of COVID-19 and fully recovered from same as of November 29, 2020. (Docket No. 3289-1 at 6). Further, Defendant received his first dose of the Pfizer vaccine on August 4, 2021 and is now eligible to receive his second dose if he has not already done so. (Docket No. 3289-1 at 38). Additionally, while Defendant argues he may contract COVID-19 again, the BOP reports that there are currently no positive cases among the inmate population. *See* https://www.bop.gov/coronavirus/ (last visited 10/14/2021).

All told, the record before the Court indicates that Defendant is a 31-year-old with a potential Sickle-Cell-Disease diagnosis, who fully recovered following a COVID-19 diagnosis in November of 2020. *See United States v. Alford*, No. 08-374, 2021 WL 1561508, at *8 (W.D. Pa. Apr. 21, 2021) (denying compassionate release, despite defendant's high risk of suffering grave illness or death as a result of contracting COVID-19, in light of the fact that defendant had actually contracted COVID-19 and survived without suffering grave illness or death). In addition to recovering from his initial COVID-19 diagnosis, Defendant has now been partially, if not fully, vaccinated to prevent reinfection and to help protect him from the risks of severe illness or death should he be reinfected. (Docket No. 3289-1 at 38). As this Court has previously noted, "vaccination significantly mitigates the risks associated with a subsequent COVID-19 infection." *United States v. Bowman*, Crim. No. 06-cr-00369, Docket No. 91, at *5 (W.D. Pa. Jan. 29, 2021); *see also United States v. Broadfield*, 5 F.4th 801, 802 (7th Cir. 2021) ("When [the defendant] filed his application for compassionate release, and when the district judge denied it,

COVID-19 was a grave problem in America's prisons, where people cannot engage in social distancing. Today, however, effective vaccines are available.").

For all of these reasons, Defendant has failed to show that he "suffers from a terminal illness or an ailment, which, coupled with the potential spread of COVID-19, would make [him] unable to provide self-care in a correctional environment." United States v. Wallace, Crim. No. 19-49, Civ. No. 20-637, 2020 WL 4003663, at *4 (W.D. Pa. Jul. 15, 2020) (citing United States v. Hammond, Crim. No. 18-184, 2020 WL 2126783, at *4 (W.D. Pa. May 5, 2020)). Therefore, it is this Court's opinion that Defendant has failed to meet his burden of proving that extraordinary or compelling circumstances justify his early release.

Lastly, the Court holds as a third alternative that the risks presented by Defendant's medical conditions and the COVID-19 pandemic do not outweigh the § 3553(a) factors such that a reduction in his sentence is not warranted. To that end, Defendant pled guilty to being a felon-in-possession of a firearm and distributing heroin. (Docket No. 2246). At the sentencing hearing, the Court weighed the § 3553(a) factors, exercised its discretion and sentenced Defendant to 100 months' imprisonment. (*See* Docket No. 2619). The Court has once again carefully considered all of the § 3553(a) factors and finds that Defendant's "history and characteristics" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct," do not justify a sentence reduction here. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(B).

In that regard, Defendant's 100-month sentence was within the advisory guideline range of 92-115 months' incarceration. (Docket No. 2550 at 4). Neither party appealed the 100-month sentence, and the Court believes that such sentence remains sufficient, but not greater than necessary to meet all of the goals of sentencing in this case. *See* 18 U.S.C. § 3553(a)(1). The 100-

month sentence also accounts for the seriousness of the offenses and the gravity of the offense conduct, *see id.* § 3553(a)(2)(A), as Defendant pled guilty to serious gun charges and drug trafficking. (Docket No. 2246; Docket No. 1020 at 25-26, 50); *see also United States v. Gay*, Crim. No. 14-154, Docket No. 153 (W.D. Pa. Feb. 19, 2021). Additionally, the 100-month sentence is necessary to protect the public from the danger that Defendant presents to the community, thereby making a reduction inconsistent with § 3553(a)(2)(C) and U.S.S.G. § 1B1.13(2). *See also United States v. Williams*, Criminal No. 18-235, 2020 WL 4934659, at *7 (W.D. Pa. Aug. 24, 2020) ("As this Court has repeatedly observed, drug trafficking poses a substantial risk of harm to the community. What's more, Defendant also accepted responsibility for possessing firearms, which combined with drug trafficking creates the potential for a very serious risk of danger to the community."); *United States v. Atkins*, Criminal No. 15-87, 2015 WL 4920831, at *7 (W.D. Pa. Aug. 18, 2015) ("Drug trafficking certainly poses a substantial risk of harm to the community, particularly the trafficking of very dangerous and addictive drugs like heroin."); *United States v. Yarbough*, No. 14-cr-270, 2014 WL 7343839, at *4 (W.D. Pa. Dec. 23, 2014) (McVerry, J.) ("[H]eroin trafficking represents a substantial danger to the community."). Finally, the 100-month sentence provides general deterrence to others and also promotes respect for the law, where reducing the sentence to time served, as requested by Defendant, "would be inconsistent with the section 3553(a) factors." *Pawlowski*, 967 F.3d at 330.

### IV. CONCLUSION

For all of these reasons,

IT IS HEREBY ORDERED that Defendant's Motion [3275] seeking compassionate release is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer

                                                    Senior U.S. District Judge

Date:   October 14, 2021

cc/ecf:  All counsel of record.

Hakeem Duell

BOP # 35724-068

USP Pollock

P.O. Box 2099

Pollock, LA 71467

(via U.S. mail)